## In re FULLAYTAR REALTY CO.

### No. 19480.

District Court, W. D. Pennsylvania.

Oct. 20, 1936.

A. E. Kountz and F. W. Stonecipher, both of Pittsburgh, Pa., for creditor.

Edward E. Reinhold, of Pittsburgh, Pa., for trustee.

SCHOONMAKER, District Judge.

This case is now before the court on petition of F. J. Fullaytar, a creditor of the debtor, asking that the trustee be ordered to deposit all funds of the estate in a regularly designated bank depository for bankruptcy funds, and the answer averring that, under the provisions of section 77B of the Bankruptcy Act (11 U.S.C.A. § 207), under which a petition was filed in this case for the reorganization of the debtor corporation, he is not required to use a regularly designated bank depository for the funds of the estate, because the funds of this estate are not funds of a bankrupt estate.

◼ Section 61 of the Bankruptcy Act, as amended, title 11 U.S.C.A. § 101, provides as follows:

"Section 101. Courts of bankruptcy shall designate, by order, banking institutions as depositories for the money of bankrupt estates, as convenient as may be to the residences of trustees, and shall require bonds to the United States, subject to their approval, to be given by such banking institutions, and may from time to time as occasion may require, by like order increase the number of depositories or the amount of any bond or change such depositories. (July 1, 1898, c. 541, § 61, 30 Stat. 562.)"

"Section 101a. Deposits in postal savings depositories authorized. In all bankruptcy proceedings the officers and agents in charge of the bankrupt funds are authorized to deposit the same without limit as to amount in the postal savings depositories at the prescribed interest rate in all cases where local banks are unable or unwilling to give the required security. Such deposit or any portion thereof may be withdrawn as required in the bankruptcy proceedings. (Mar. 3,

1933, c. 204, § 3, 47 Stat. 1482.)" 11 U.S.C.A. § 101a.

Section 77B does not expressly mention the subject of bank deposits, but section 77B (k), 11 U.S.C.A. § 207 (k), provides, inter alia: "All other provisions of this Act [title], except such as are inconsistent with the provisions of this section [77B], shall apply to proceedings instituted under this section, whether or not an order to liquidate the estate has been entered. For the purposes of such application, provisions relating to 'bankrupts' shall be deemed to relate also to 'debtors'; 'bankruptcy proceedings' or 'proceedings in bankruptcy' shall be deemed to include proceedings under this section; the date of the order approving the petition or answer under this section shall be taken to be the date of adjudication, and such order shall have the same consequences and effect as an order of adjudication."

In addition to that, section 77B (o), 11 U.S.C.A. § 207 (o) provides: "In proceedings under this section and consistent with the provisions thereof, the jurisdiction and powers of the court, the duties of the debtor and the rights and liabilities of creditors, and of all persons with respect to the debtor and its property, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was approved."

Our view is that section 61 applies to funds of debtor corporation being reorganized under section 77B. True, section 77B fails to provide for the deposit of funds of debtors in any particular manner or place, but as section 77B is merely an amendment to the general bankruptcy act, it would appear that all of its applicable provisions would certainly apply to proceedings under section 77B. In fact, as we read section 77B (k) and (o) above quoted, there is statutory authority for such conclusions.

We are further influenced in this view by the fact that the Supreme Court, since the enactment of section 77B, has amended General Order 29 (11 U.S.C.A. following section 53), which provides the manner in which moneys are to be withdrawn from designated depositories by adding to this general order the following words: "This general order shall not apply to reorganization proceedings under section 77 or section 77B of the Act (11 U.S.C.A. §§ 205 and 207)."

We construe this to mean that although the designated depositories must be used in cases arising under sections 77 or 77B (11 U.S.C.A. §§ 205, 207), General Order 29 need not be followed as to the manner of the withdrawal of funds from the bank.

Beyond all that, if there be any doubt as to the application of section 61 to funds coming under the jurisdiction of the court under the provisions of section 77B, public policy would require the same protection for these funds as is afforded to other funds coming under the jurisdiction of the court under the provisions of the Bankruptcy Act.

The prayer of the petition will be granted. An order may be submitted accordingly.